**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, trustee,**

Plaintiffs,

v.

**SPINDRIFT, INC., a Minnesota corporation,**

Defendant.

Civil No. 00-64 (PAM/JGL)

**ORDER**

APPEARANCES

J. Sebastian Stewart, Esq., and Craig Penrose, Esq., for Plaintiffs.

Scott Johnson, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 16, 2000, on Plaintiffs' motion to compel discovery and sanctions (Doc. No. 11). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED OCT 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of a $4,007,424.30 judgment, entered by the United States District Court for the Northern District of Illinois on May 28, 1998, which was transferred and entered in Minnesota in October 1999. Defendant has not responded to many of Plaintiffs' discovery requests, and therefore, Plaintiffs have brought this motion to compel answers to their discovery requests and for sanctions.

## II. DISCUSSION

### A. Scope of Discovery

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Furthermore, discovery should not be limited to the merits of a

case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

**B. Plaintiffs' Discovery Requests**

Plaintiffs served their First Set of Interrogatories, First Set of Requests for Admissions, and Requests for Production of Documents on the Defendant by mail on July 12, 2000. Defendant served answers to the Requests for Admissions on Plaintiffs' counsel on July 27, 2000. However, Defendant did not produce the remaining discovery. Plaintiffs gave Defendant an extension until September 15, 2000, but Defendant has refused to produce the discovery.

Instead, Defendant argues that it should not have to respond to discovery because of the Seventh Circuit's decision in Central States Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc., 204 F.3d 736 (7th Cir. 2000). In that case, the Seventh Circuit affirmed a lower court's finding that the parties agreed on the underlying dates, including the date of the triggering event for withdrawal liability. See id. at 742. Defendant argues that the significance of the Seventh Circuit's ruling regarding the date of the triggering event is that Plaintiffs obtained their judgment against Defendant based on representations to the court that the triggering event occurred in May 1996, not July 1996 as agreed upon in the parties' stipulation. Defendant asserts that this decision

may impact Plaintiffs' judgment that forms the basis of their claims in this matter.

Defendant argues that it did not learn of the Seventh Circuit's decision until September of this year and that as soon as it was aware of the decision, it informed Plaintiffs and attempted to stipulate to a stay in this matter. Plaintiffs refused to stipulate to a stay and brought this motion, while Defendant filed a pending motion to stay this case. Defendant urges this Court to defer ruling on Plaintiffs' discovery motion until the Court can hear and determine Defendant's motion to stay this matter.

The Court does not find Defendant's argument persuasive. Defendant's contention that it can refuse to respond to outstanding discovery requests based on another jurisdiction's decision in a separate matter is not grounded in law. See Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 941 (8th Cir. 2000). A judgment of a court of competent jurisdiction is presumed valid. See Wise v. Lipscomb, 434 U.S. 1329, 1333 (1977). Plaintiffs obtained a valid judgment against Defendant, and the Court will not delay this litigation further by waiting to rule on Plaintiffs' motion.

Although the Court does not agree with Defendant's position, the Court finds that Defendant's argument was not improper or worthy of sanctions. Plaintiffs granted Defendant extensions to respond to discovery, and when Defendant became aware of the Seventh Circuit

decision it believes is relevant to this matter, Defendant sought Plaintiffs' cooperation and then filed its own motion to stay these proceedings. Therefore, the Court finds that Plaintiffs are entitled to answers to their served discovery, but the Court will not award sanctions or attorneys' fees. Defendant shall answer the pending discovery within three weeks of the date of this Order.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery and Sanctions (Doc. No. 11) is **GRANTED** as to the discovery and **DENIED** as to the sanctions. Plaintiffs shall produce the required discovery answers and documents no later than November 9, 2000.

Dated: October 19, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge